Brown & Co. v. Hisgen, 195 Ill. App. 465.

# William H. Brown & Company, Defendant in Error, v. H. F. Hisgen, Plaintiff in Error.

## Gen. No. 21,475.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 6, 1915.

## Statement of the Case.

Action by William E. Brown & Company, a corporation, plaintiff, against H. F. Hisgen, defendant, in the Municipal Court of Chicago. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

VICTOR A. G. MURRELL, for plaintiff in error.

LITZINGER, McGURN & REID, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*what omissions render statement insufficient.* On a writ of error to review a judgment of the Municipal Court of Chicago, a document certified by a judge of that court to be a "Statement of facts appearing upon the trial * * * and all questions of law involved * * * and the decisions of the court upon all such questions of law," *held* neither "a correct statement of the facts appearing on the trial" nor "a correct stenographic report of the trial," within the meaning of the Municipal Court Act, sec. 23, cl. 6 (J. & A. ¶ 3335), where it appears that such statement merely contains the testimony of witnesses in narrative form without a statement of the questions of law involved or the decisions of the court thereon, and where it does not appear that the evidence recited was all the evidence heard or proffered at the trial.

2. MUNICIPAL COURT OF CHICAGO, § 26*—*when insufficient statement stricken.* On a writ of error to review a judgment of the Municipal Court of Chicago, where a document purporting to be a "Statement of facts appearing upon the trial" does not comply

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with the provisions of the Municipal Court Act, sec. 23, cl. 6 (J. & A. ¶ 3335), requiring to authorize such review that the trial judge sign and place on file either "a correct statement of the facts appearing on the trial," or "a correct stenographic report of the trial," a motion by appellee to strike will be allowed by the Appellate Court, for the reason that such a document presents nothing for review.

Bernhard Weinstock, Appellee, v. Harry Manaster and Herman M. Lipman, Appeal of Herman M. Lipman, Appellant.

Gen. No. 19,791.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed December 8, 1915.

## Statement of the Case.

Action by Bernhard Weinstock, plaintiff, against Harry Manaster and Herman M. Lipman, defendants, in the Circuit Court of Cook county, to recover for the alleged negligence of defendants in excavating upon land adjoining that of plaintiff, and thereby causing damage to plaintiff's building. From a judgment for plaintiff on a verdict of the jury for $675 against defendant Lipman, defendant Lipman appeals.

Defendant Manaster, who was the owner of a lot adjoining a building owned by plaintiff, engaged defendant Lipman to construct a building on his lot. The latter made an excavation on the lot for foundation and basement purposes. The plaintiff claimed that defendant Lipman did the excavating in a negligent and unskilful manner and thereby caused an injury to his building.

The court, at the instance of the plaintiff, gave to the jury the following instruction: